IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAMAL ABUSAMHADANEH,              )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    1:11cv939 (JCC/TCB)
                                  )
SARAH TAYLOR, *et al.*,           )
                                  )
        Defendants.               )

# M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff's Motion for Protective Order.  [Dkt. 63.]  For the reasons stated below, the Court will grant in part, and deny in part, this Motion.

## I.   Background

On May 25, 2012, Plaintiff filed a Motion for Protective Order seeking to seal different types of information and restrict it from public viewing.  [Dkt. 63.]  On May 30, 2012, Defendants filed an Opposition to the Motion to Seal.  [Dkt. 66.]  This Court held a hearing on the Motion on June 1, 2012.

## II.  Standard of Review

Under well-established Fourth Circuit precedent, there is a presumption in favor of public access to judicial records and a district court has the authority to seal court documents

1

only "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

"The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978)). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The First Amendment guarantee of access, however, has been "extended only to particular judicial records and documents," such as exhibits filed in connection with plea hearings and sentencing hearings in criminal cases, and trial proceedings and dispositive motions in civil cases. *Stone*, 855 F.2d at 180. Where the First Amendment does guarantee access,

2

the access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (citing *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

Regardless of whether the right of access arises from the First Amendment or the common law, it "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182.  When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements.  *Rushford*, 846 F.2d at 253.  As to the substance, the district court first "must determine the source of the right of access with respect to each document," because "only then can it accurately weigh the competing interests at stake." *Stone*, 855 F.2d at 181.  A district court must then weigh the appropriate competing interests under the following procedure: "it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 288 (citing *Stone*, 855 F.2d at 181; *In re the Knight Publ'g Co.*, 743 F.2d at 235).

### III. Analysis

Plaintiff essentially seeks to seal two types of information filed in conjunction with a bench trial held before this Court on March 13, 14, and 15, 2012: personal identifiers and information relating to an alleged shoplifting incident that has been expunged by the Fairfax County Circuit Court.

This Court will grant Plaintiff's request to redact personal identifiers, as they are subject to special local rules for exclusion. *See* E.D. Va. Civ. R. 7(C)(1)&(2). Plaintiff's request to seal information related to the alleged shoplifting incident will not, however, be granted.

Plaintiff seeks to seal information from trial proceedings, and so the First Amendment right of access is applicable. Plaintiff already raised the issue of limiting Defendants' inquiry into the incident, or alternatively sealing the record with regard to any testimony regarding the incident. (March 13, 2012 Tr. [Dkt. 49] 5:25-11:15.) In recognition of the fact that the Fourth Circuit has strict standards and procedures for closing a courtroom during trial,[1] this Court ruled against Plaintiff.

---

[1] "[T]here is a strong presumption in favor of openness: Closed proceedings . . . must be rare and only for cause shown that outweighs the value of openness. . . . The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered. . . . Even with findings adequate to support closure, the trial court must consider alternatives before the courtroom can be closed constitutionally. . . . To facilitate a trial court's case-by-case determination of closure, representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion. When a closure motion is

Also, Plaintiff's argument that the information about his alleged arrest, including the testimony and police investigative reports, is protected by an expungement order from Fairfax County Circuit Court is unavailing.  In filing an application for naturalization, Plaintiff submitted himself to full scrutiny of his background, including his "good moral character."  And in the Good Moral Character section of the naturalization application, the applicant is instructed that he must answer the questions on the application even if his "records were sealed or otherwise cleared or if anyone, including a judge, law enforcement officer, or attorney, told you that you no longer have a record."  (*See* Joint Exs. 1 & 2.)

The power to naturalize an alien as a citizen of the United States lies in the exclusive jurisdiction of the federal government.  *See* 8 U.S.C. 1421.  And, as the Supreme Court held in *Berenyi v. District Director, INS*, 385 U.S. 630, 638 (1967), "The government is entitled to know of any facts that may bear on an applicant's statutory eligibility for citizenship, so that it may pursue leads and made further investigation if doubts are raised."  Thus, Virginia's process for accessing expunged information does not overcome this Court's use of the information in naturalization hearings.

---

made in open court, persons present must be given notice and an opportunity to object before the public can be excluded."  *In re Knight Pub. Co.*, 743 F.2d at 234 (citations and internal quotation marks omitted).

The public's right of access is an important one.  The ability of the press and public to watch over court proceedings helps ensure the fair, impartial, and effective administration of justice.  Plaintiff has not presented any compelling government interest that warrants sealing.  And, the Court does not find that expungement is an unusual circumstance that compels sealing significant portions of this case.

### IV.  Conclusion

For the reasons stated above, the Court will grant in part, and deny in part, Plaintiff's Motion in accordance with this Memorandum Opinion.

An appropriate Order will issue.

|  | /s/ |
| --- | --- |
| June 5, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |