IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JAMAL ABUSAMHADANEH, )<br>  )<br>    Plaintiff )<br>  )<br>        v. )<br>  )<br>SARAH TAYLOR, *et al.*, )<br>  )<br>    Defendants. ) | 1:11cv939 (JCC/TCB) |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' Motion to Alter or Amend Certain Adverse Credibility Findings in the Memorandum Opinion of June 5, 2012 (the Motion).  [Dkt. 73.] For the reasons stated below, the Court will deny this motion.

### I.      Standard of Review

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment and states only that such a motion "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  The Fourth Circuit has made it clear, however, that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

1

*Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rather, the purpose of a Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

## II.     Analysis

Defendants request this Court to alter certain adverse credibility findings in its June 5, 2012, Memorandum Opinion in order to "prevent manifest injustice" under Federal Rule of Civil Procedure 59(e). (Mem. in Supp. [Dkt. 74] at 1-2.) Defendants want this Court to modify its credibility findings regarding three witnesses and essentially request the Court to find and state that it did not have any concerns about the

2

veracity of the testimony of those witnesses.  The Court declines to do so, believing the extensive credibility findings in the Memorandum Opinion are clear.  The Court must make the necessary Federal Rule of Civil Procedure 52 findings.  And, in making credibility findings, "[i]t is understandable, and non-actionable, that the social atmosphere of an afternoon tea party may not prevail . . . ." *Dale v. Bartels*, 552 F. Supp. 1253, 1258 (S.D.N.Y. 1982), *aff'd in part, rev'd in part on other grounds,* 732 F.2d 278, 285 (2d Cir. 1984).  The Court notes that each case stands on its own merits and the credibility of witnesses in this case does not determine their credibility in the future.

### III.  Conclusion

For the reasons stated above, the Court will deny Defendants' Motion.

An appropriate Order will issue.

/s/
July 20, 2012　　　　　　　　　　　James C. Cacheris
Alexandria, Virginia　　　UNITED STATES DISTRICT COURT JUDGE